UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK, CENTRAL ISLIP

| | |
|---|---|
| ROSALINDA DEL VALLE, individually, and ROSALINDA DEL VALLE, as guardian of X.D., <br><br> Plaintiffs, <br><br> v. <br><br><br> COMMUNITY HOUSING INNOVATIONS, INC., CHI REALTY & DEVELOPMENT, LLC, JANE DOE (a former employee of COMMUNITY HOUSING INNOVATIONS, INC.), and the SECRETARY OF HOUSING AND URBAN DEVELOPMENT, <br><br> Defendants. | CIVIL RIGHTS COMPLAINT <br> 42 U.S.C. § 1983 <br><br> Index No.: <br><br> Jury Demanded |

Plaintiffs, Rosalinda Del Valle, individually, and Rosalinda Del Valle as guardian of X.D., by and through counsel hereby complains against Defendants, Community Housing Innovations, Inc. ("CHI"), CHI REALTY & DEVELOPMENT, LLC ("CHI Realty", Jane Doe (a former employee of Defendants) and the SECRETARY OF HOUSING AND URBAN DEVELOPMENT, upon information and belief as follows:

## JURISIDICTION

1. This Honorable Court possesses jurisdiction arising from federal law questions.

## VENUE

2. This Honorable Court is a proper venue pursuant to New York State Rule of Civil Procedure 503: (1) Defendants maintain principal places of business in this jurisdiction; (2) the acts giving rise to this action occurred here, and (3) Plaintiffs reside in Suffolk County.

1

## PARTIES

3. Plaintiff, Rosalinda Del Valle, is a natural person who presently resides in Suffolk County, New York and resided in Suffolk County at the time of the occurrences.

4. Plaintiff, Rosalinda Del Valle, is a disabled individual under the Americans with Disabilities Act.

5. Plaintiff, X.D., is a minor and the biological son of Rosalinda Del Valle, his legal guardian.

6. Plaintiff, X.D., is a disabled minor and, as such, an individual protected under the Americans with Disabilities Act.

7. Plaintiffs resided at Defendants' Premises on or around June 2023 through September 2023.

8. Defendant Community Housing Innovations, Inc. ("CHI"), is an active, domestic not-for-profit corporation duly licensed and registered under New York State law.

9. Defendant Community Housing Innovations, Inc., maintains its principal place of business at 75 S. Broadway, Suite 340, White Plains, New York 10601.

10. Defendant Community Housing Innovations, Inc., maintains a shelter located at 285 Sills Road, Building 16, East Patchogue, New York, 11772.

11. Defendant CHI Realty & Development, LLC ("CHI Realty"), is an active, domestic corporation duly registered and licensed under New York State law.

12. Defendant CHI Realty, maintains a principal place of business at 28 Liberty Street, New York, New York 10005.

13. Defendant CHI is a not-for-profit housing and human services organization that serves Westchester, Long Island, Hudson Valley and New York City.

14. Defendants CHI and CHI Realty accept federal funding in the course of business.

15. Defendant CHI's alleged mission is to provide housing and human services that support social and economic independence. CHI's vision is to end generational poverty and foster upward mobility by ensuring that all families and individuals live in quality housing, have a home of their own and a job to support them. CHI believes quality, affordable housing provides a firm foundation for a prosperous life.

16. Defendant CHI Realty is an independent not-for-profit realty brokerage that works to place homeless clients into permanent housing. CHI seeks innovative housing platforms to meet its mission to provide permanent housing to the homeless.

17. Upon information and belief, Defendant Jane Doe, is a former employee of Defendant CHI, who is a minor, and who is believed to reside in Suffolk County, New York.

18. Defendant CHI maintains a website available at: https://www.communityhousing.org/about-chi/.

19. According to its website, Defendant CHI's alleged mission is to provide housing and human services that support social and economic independence.

20. According to its website, Defendant CHI's alleged vision is to break the cycle of poverty by ensuring that all families and individuals live in quality housing, have a home of their own and a job to support them.

21. According to its website, Community Housing Innovations (CHI) was founded in 1991 and is a not-for-profit housing and human services organization that serves Westchester, Long Island, Hudson Valley and New York City.

22. According to its website, CHI's mission is to provide housing and human services that support social and economic independence.

23. According to its website, CHI's vision is to end generational poverty and foster upward mobility by ensuring that all families and individuals live in quality housing, have a home of their own and a job to support them.

24. According to its website, CHI believes quality, affordable housing provides a firm foundation for a prosperous life.

25. According to its website, CHI provides shelter, as a temporary measure, for individuals and families who are homeless, as well as programs and services for low-and-moderate income households.

26. According to its website, In addition to emergency shelters, CHI manages transitional and supportive housing for over one thousand individuals per night.

27. According to its website, CHI also provides permanent affordable housing and partners with community-based organizations, government agencies, and private sector entities to develop and maintain properties.

28. According to its website, in addition to ensuring that individuals and families are provided safe housing and supportive services, CHI operates a Homeownership Program to help people achieve the dream of owning a home — the stepping-stone to upward mobility and economic independence.

29. Defendant, the Secretary of Housing and Urban Development ("HUD") maintains its principal place of business at 1250 Maryland Avenue, SW, Suite 200, Washington, D.C., 20024.

30. The New York regional office for the Department of Housing and Urban Development is located at the Jacob Javits Federal Building, 26 Federal Plaza No. 3541, New York, New York 10278.

# FACTS

31. Plaintiffs Rosalinda Del Valle and her infant son X.D. resided at the premises owned by Defendant CHI and CHI Realty during the summer of 2023.

32. Plaintiffs were constructively evicted from CHI premises following Defendant CHI Realty's and CHI's intentionally malicious, reckless, and or negligent acts and/or omissions, which included violations of their civil rights.

33. During the time Plaintiffs resided at CHI, they resided at the CHI premises located at 285 Sills Road, Building 16, East Patchogue, New York 11772.

34. While Plaintiffs resided at the premises, Defendant CHI caused them harm.

35. Plaintiffs resided in a demised premises that contained dangerous and defective conditions and an unsafe environment.

36. Defendants CHI and CHI Realty's premises contained dangerous conditions including but not limited to: black mold; water leaks or floods; no hot water; heating problems; water problems; mice; rats, vermin; mold; kitchen problems; gas problems; cracks in the walls and ceilings; lead paint; window issues; poor ventilation; missing carbon monoxide detectors; missing smoke detectors; harassment by landlord and/or tenants; broken doorbell; insufficient safety/security; bad lighting; dangerous stairways; inadequate fire egress.

37. The presence of these dangerous conditions caused Plaintiff Rosalinda Del Valle to present for medical treatment.

38. Separately and distinctly, Plaintiff Rosalinda Del Valle consented to send her son, X.D., to the daycare provided by Defendant CHI at the premises.

39. While at the daycare under the supervision of Defendant CHI's staff, Defendant Jane Doe, Plaintiff X.D. was assaulted by one of Defendant CHI's former employees, a minor.

40. Defendant CHI's former employee, JANE DOE, assaulted Plaintiff X.D. on or before August 28, 2023.

41. Following this incident, Defendant CHI refused to permit Plaintiff X.D. return to the daycare facility citing his "special needs" as the reason for his prohibition.

42. Plaintiff X.D. is a disabled child under the Americans With Disabilities Act due to his special needs and is, therefore, a person within a protected class.

43. Plaintiff Rosalinda Del Valle is also disabled under the Americans with Disabilities Act due to her mental disability.

44. Following these incidents, Plaintiff Rosalinda Del Valle sought relief from various CHI employees to complain of the conditions with the hopes that said conditions would be corrected.

45. In the course of making complaints to Defendants, Plaintiff Rosalinda Del Valle, due to her disability, sought representation through an advocate during the pendency of her claims before CHI.

46. CHI denied Plaintiff Rosalinda Del Valle representation through an advocate, despite her disability, even though Plaintiff Rosalinda Del Valle cited her disability as the reason for the requested advocacy.

47. Following this incident, Defendants CHI then set about a course of discrimination and retaliation against Plaintiffs, who reported the incident to Defendant CHI, its employees and/or agents.

48. This series of retaliatory act and/or omissions committed by Defendant CHI include, but are not limited to: refusing to allow Plaintiffs a requested transfer of rooms, from one room to another, to avoid problems; refusing to permit Plaintiff X.D. to attend daycare due

to his disability; refusing to permit Plaintiff Rosalinda Del Valle, a disabled individual, entitled-to rights under the Americans With Disabilities Act due to her disability and, ultimately, compelling Plaintiffs to transfer to another shelter.

49. Defendant CHI had notice, actual or constructive, of all the foregoing alleged conditions and failed to correct said conditions in a reasonable manner and in a reasonable time.

50. Upon information and belief, other Plaintiffs in other lawsuits have sued or notified Defendants for these same complaints and/or similar or substantially similar complaints, and these issues have not been corrected.

51. Defendants are, therefore, on notice of the complained-of conditions and failed to correct the conditions in a reasonable time or reasonably inspect their premises.

FIRST CAUSE OF ACTION
Assault of a Minor (Vicarious Liability)

52. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 and incorporates each paragraph herein by reference.

53. Defendant CHI, its employees, agents, actors and staff, owed Plaintiffs a duty to not assault them.

54. Defendants CHI and CHI Realty owed Plaintiffs a duty to keep them safe while upon the premises.

55. Defendants CHI and CHI Realty breached this duty when its employees, agents, actors and staff, assaulted the minor Plaintiff.

56. Defendant Jane Doe, a minor former employee of Defendants CHI and CHI Realty, assaulted minor Plaintiff X.D. while he was at the daycare under their supervision.

57. Defendant CHI's breach of its duty owed to Plaintiff, not to assault him, caused the minor Plaintiff harm.

58. Defendant CHI's actors' assault was the cause-in-fact of damage to the Plaintiff.

59. Defendant CHI actors' assault was the proximate cause of Plaintiff's damages.

60. Plaintiffs were injured and damaged and remained injured as a result of this assault.

SECOND CAUSE OF ACTION
Negligent Hiring, Training, Supervision

61. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 and incorporates each paragraph herein by reference.

62. Defendant CHI owed its residents, tenants, patrons and clients, a duty to properly train, hire, supervise and retain its staff.

63. Defendant CHI breached this duty by failing to properly train, hire, supervise and retain its staff.

64. Defendant CHI breached this duty specifically by failing to properly train its employees with respect to the proper daycare and supervision of minor children, with respect to compliance with landlord/tenant laws and federal laws including the Americans with Disabilities Act, the management of complaints, and proper course of conduct with respect to complaints made against CHI such that its employees would not outright discriminate against Plaintiffs and other disabled individuals.

65. Defendant CHI's breach of their duty owed to Plaintiffs in this regard caused Plaintiffs harm.

66. But for Defendant CHI's breach of this duty owed to Plaintiffs, the Plaintiffs would not have been harmed.

67. Defendant CHI's breach of duty was the cause-in-fact of Plaintiffs' harm.

68. Defendant CHI's breach of duty proximately caused Plaintiff's harm.

8

69. Plaintiffs were both harmed and injured personally and monetarily as a result of Defendant CHI's acts and/or omissions.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

70. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 67 and incorporates each paragraph herein by reference.

71. Defendant CHI, its employees, actors, staff and agents, owed Plaintiffs a duty to properly care for children under their supervision.

72. As caretakers, Defendant CHI, its employees, actors, staff and agents owed Plaintiffs duty to take reasonable steps to care for the children in its supervision and on its premises.

73. Defendant CHI owed Plaintiffs, especially minor Plaintiff, a duty to ensure that he would remain safe and injured while in their care, free from foreseeable harm, and a duty to provide a safe environment, free from defects, and an environment in which sufficient staff (both in number and training) were present to ensure the foregoing.

74. Defendant CHI breached its duty to Plaintiffs by failing to ensure the foregoing.

75. Plaintiffs were harmed as a result of Defendant CHI's breach of its duty.

76. Defendant CHI's breach of this duty was the but-for/cause-in-fact of Plaintiff's harm.

77. Defendant CHI's breach of this duty proximately caused Plaintiffs' harm.

78. Plaintiffs were harmed as a result of Defendant CHI's breach of this duty, which was the proximate cause of Plaintiffs' harm.

79. Defendant CHI's employees failed to ensure the safety of the minor child, resulting his harm.

## FOURTH CAUSE OF ACTION
Breach of the Warranty of Habitability

80. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 77 and incorporates each paragraph herein by reference.

81. Defendants CHI and CHI Realty owed Plaintiffs a duty to provide a demised premises that was reasonably habitable.

82. Defendants CHI and CHI Realty breached this duty owed to Plaintiffs in failing to provide a demised premises that was reasonably habitable.

83. Defendants CHI and CHI Realty breached this duty to Plaintiffs when, among other things, it provided Plaintiff a premises to live that Defendant CHI represented and held out to be habitable, but which was not, in fact, a livable space.

84. Defendants CHI and CHI Realty breached this duty owed to Plaintiffs by providing Plaintiffs a demised premises in which to live which presented the following problems, including but not limited to: black mold; water leaks or floods; no hot water; heating problems; water problems; mice; rats, vermin; mold; kitchen problems; gas problems; cracks in the walls and ceilings; lead paint; window issues; poor ventilation; missing carbon monoxide detectors; missing smoke detectors; harassment by landlord and/or tenants; broken doorbell; insufficient safety/security; bad lighting; dangerous stairways; inadequate fire egress.

85. Defendants CHI and CHI Realty also failed to maintain conditions it represented it would maintain upon lease/rental/occupancy to Plaintiffs.

86. Plaintiffs suffered harm as a result of Defendants CHI and CHI Realty's breach of the foregoing.

87. Defendants CHI and CHI Realty's breach of these duties owed to Plaintiffs resulted in direct harm to Plaintiffs and was the cause-in-fact of Plaintiffs' harm.

88.     Defendants CHI and CHI Realty's breach of these duties owed to Plaintiffs' proximately caused Plaintiffs' harm.

FIFTH CAUSE OF ACTION
Americans With Disabilities Act Violations

89.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 86 and incorporates each paragraph herein by reference.

90.     The Americans with Disabilities Act ("ADA") is a legislative response to the American tragedy that, "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." See, 42 U.S.C. Section 12101(a)(2).

91.     Section 504 requires entities that accept federal funds, such as the Defendants, along with other entities, to act in a manner that is equitable and non-discriminatory.

92.     Defendants' policies, practices, and procedures, generally, as well as Defendants' manner of implementing their response to Plaintiffs' complaints violated Plaintiff's rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. See, 42.

93.     Defendants violated the Americans with Disabilities Act in treating Plaintiffs, members of a protected class due to their special needs disabilities, differently than other patrons who did not have special needs.

94.     Defendants violated the Americans with Disabilities Act when they failed to provide Plaintiffs with accommodations to assist them with their disabilities.

SIXTH CAUSE OF ACTION
FAIR HOUSING ACT VIOLATIONS – HUD

95. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 92 and incorporates each paragraph herein by reference.

96. The Office of Housing and Urban Development is charged with the enforcement of Fair Housing Act laws, among other things.

97. HUD owed Plaintiffs a duty to ensure that their dwelling environment appropriately accommodated their disability and/or to ensure that Plaintiffs were not discriminated against based upon their disability.

98. HUD failed to properly inspect, supervise, investigate and monitor the habitability of Plaintiffs' dwelling, which is also inhabited by other tenants similarly situated to Plaintiffs.

99. HUD's failures, acts and/or omissions constitute a breach of the duty owed to Plaintiffs, disabled persons receiving Section 8 Benefits.

100. This breach of duty constitutes a cause-in-fact of Plaintiffs' damages.

101. This breach of duty constitutes a proximate cause of Plaintiffs' damages.

102. Plaintiffs sustained personal injuries and damages as a result of HUD's breach of duty owed to Plaintiffs.

PRAYER FOR RELIEF

Based upon the foregoing, Plaintiff seeks monetary damages and all other relief this Honorable Court deems just, proper and equitable under the circumstances.

Dated: October 13, 2023
Woodbury, New York

By: <u>Rosalinda Del Valle</u>
Plaintiff, Pro Se
685 Brookhaven Avenue
Bellport, New York

12

To:
Community Housing Innovations, Inc.
75 S. Broadway, Suite 340
White Plains, New York 10601

CHI Realty & Development, LLC
28 Liberty Street
New York, New York 10005

Secretary of Housing and Urban Development ("HUD")
1250 Maryland Avenue, SW, Suite 200,
Washington, D.C., 20024

VERIFICATION

I, Rosalinda Del Valle, am the Plaintiff in this action and the natural parent and legal guardian of X.D., also a Plaintiff.

I read and reviewed the foregoing Complaint. I duly swear and affirm that tall the allegations contained herein are true and accurate to the best of my knowledge and/or will be proven true upon further discovery and investigation.

Dated: October 13, 2023
Long Island, New York

/s/ Rosalinda Del Valle
Rosalinda Del Valle