UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROSALINDA DEL VALLE, individually, and
ROSALINDA DEL VALLE, as guardian of X.D.

**REPORT AND RECOMMENDATION**

Plaintiffs,

-against-    **CV-23-7877 (OEM)**

COMMUNITY HOUSING INNOVATIONS
INC., et al.

Defendants.
----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Plaintiffs moved the Court for approval of a settlement agreement resolving the claims of all plaintiffs in this action against Defendants Community Housing Innovations, Inc. and CHI Realty & Development, LLC.

When a case involves claims by an infant plaintiff, courts in the Eastern District of New York must review any proposed settlement. See E.D.N.Y. Local Civ. R. 83.2(a); see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010) ("District courts have broad discretion when conducting an infant compromise hearing.").

The court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules . . . ." E.D.N.Y. Local Civ. R. 83.2(a)(1).  The New York requirements for infant compromise proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the infant's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. 1208(a)(5).  The court

1

must determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." Doe v. Mattingly, No. 06 Civ. 5761 (JBW) (CLP), 2007 WL 2362888, at *1 (E.D.N.Y. Aug. 14, 2007); see Orlander v. McKnight, 12 Civ. 4745 (HBP), 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013).

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." Camac v. Long Beach City Sch. Dist., No. 09 Civ. 5309 (MKB) (GRB) 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012) (citing Mattingly, 2007 WL 2362888, at *2), report & recommendation adopted, No. 09 Civ. 5309 (MKB) (GKB), 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013). Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference. See Sch. for Language & Commc'n Dev. v. N.Y. State Dep't of Educ., No. 02 Civ. 269 (JS) (JO), 2010 WL 1740416, at *3 (E.D.N.Y. Apr. 7, 2010) (collecting cases), supplemented, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), report & recommendation adopted, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010).

In assessing fairness, a court should compare "'the terms of the compromise with the likely rewards of litigation.'" Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). The court must "form an educated estimate of the complexity, expense, and likely duration of such litigation." Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010)

(quoting Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972) (internal quotation marks omitted), and "exercise the most jealous care that no injustice be done to the infant," Southerland v. City of New York, No. 99 Civ. 3329 (CPS), 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006) (quoting Anderson v. Sam Airlines, 94 Civ. 1935, 1997 WL 1179955 (E.D.N.Y. Apr. 25, 1997) (internal quotation marks omitted)). In determining an infant compromise motion, the court considers the litigation risks, but does not "decide the merits of the case or resolve unsettled legal questions." Vitucci v. Winthrop Univ. Hosp., No. 12 Civ. 4328 (DRH) (GRB), 2014 WL 4659274, at *4, 6 (E.D.N.Y. Sept. 17, 2014). Furthermore, while the court may conduct an infant compromise hearing, it is not required where, as here, the necessary information is available from the documents and affidavits submitted in support of the motion. See Sch. for Language & Commc'n Dev., 2010 WL 1740416, at *2.

The Court has thoroughly reviewed the proposed settlement agreement and the sworn affidavits in support of the Motion for Infant Compromise. Based on the Court's review of these documents, the Court concludes that the proposed settlement is fair, reasonable, and in the best interests of the infant child. Specifically, the settlement agreement was the product of arms' length negotiations by experienced counsel, is supported by the infant's parent and guardian, and reflects a monetary recovery that is well within the range of likely rewards from continued litigation. In addition, the infant suffered no permanent physical injuries as a result of the alleged conduct by Defendants and has already made a full recovery according to his guardian. The only fees requested are the $500 in costs paid by Plaintiffs' attorney, Amanda Reynolds, consisting of the filing fee and costs for service of the complaint. These costs are reasonable and appropriate to be reimbursed.

Accordingly, the Court respectfully recommends that the District Court approve the settlement and proposed infant compromise. To ensure that the proceeds of the settlement are used in the best interests of the minor, however, the Order granting infant compromise should specify that the settlement amount (minus costs) should be deposited into an interest-bearing bank account for the sole benefit of Infant Plaintiff X.D.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                        /s/
                          Steven L. Tiscione
                          United States Magistrate Judge
                          Eastern District of New York

Dated: Central Islip, New York
        July 31, 2024